UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOM HEANEY | CIVIL ACTION |
| VERSUS | NO. 05-820 |
| PRUDENTIAL REAL ESTATE AFFILIATES, INC., ET AL. | SECTION "K"(2) |

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Rec. Doc. 42) ("Mot.") by all defendants in this matter. Plaintiff Tom Heaney has alleged various causes of action against Defendants Prudential Real Estate Affiliate, Inc., Prudential Insurance Company of America, and GBS Properties LLC (collectively "Defendants"). Plaintiff has filed his Opposition (Rec. Doc. 44) ("Opp."). This Court has reviewed the pleadings and relevant law, and for the reasons provided herein will grant the Defendants' motion.

I. BACKGROUND

Plaintiff filed his Complaint on October 26, 2006. (Rec. Doc. 1) ("Compl."). He alleges that, while working as an employee for GBS Properties, LLC, d/b/a Prudential Gardner Realtors, a realty company, he became aware that representatives of GBS Properties were "stating to customers, potential customers and buyers that disclosures were unnecessary as the units were being completely remodeled and built completely new again." Compl. ¶ 9. Plaintiff also states

that GBS Properties claimed that sheetrock and aluminum siding had been replaced in these properties "when they [sic] know it ha[d] not been." Compl. ¶ 10. Plaintiff claims that, after having learned of these alleged falsehoods, he "blew the whistle and voiced his concerns about the violations he witnessed." Compl. ¶ 12. He also "refused to show any of these properties as he was aware of the deliberate misrepresentations," and he "voiced his concerns to management at GBS Properties." Compl. ¶¶ 13, 14. Consequently, alleges Plaintiff, GBS Properties "fired [Plaintiff] as a result of voicing his concerns." Compl. ¶ 18. He asserts that his alleged discharge gives rise to claims under the Sarbanes-Oxley Act of 2002 (15 U.S.C. § 1514A), 42 U.S.C. § 4852(d), La. Rev. Stat. § 36:3601, La. Rev. Stat. § 37:1475, La. Rev. Stat. § 30:2027, La. Rev. Stat. § 23:967, and "Respa violations - Section 9," an apparent reference to the Real Estate Settlement Procedures Act of 1974, codified at 12 U.S.C. § 2601, *et seq.*[1] Plaintiff alleges that GBS Properties is a franchise of The Prudential Real Estate Affiliates, Inc., which in turn is a subsidiary of Prudential Insurance Company of America, "and therefore all companies are liable for the acts in the complaint." Compl. ¶ 5.

II. ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317,

---

[1]The Court notes that the Plaintiff's original complaint was filed *pro se*. Plaintiff then retained counsel; however, subsequently that counsel requested to be excused from further representation, thus Plaintiff is again proceeding *pro se*.

322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "Courts must view all of the evidence and all factual inferences from the evidence in the light most favorable to the non-movant." *Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 352 (5th Cir. 1989). "Needless to say, unsubstantiated assertions are not competent summary judgment evidence." *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993), *citing Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992)). As several of these claims arise under federal law, this Court's jurisdiction is based upon federal question jurisdiction, 28 U.S.C. § 1331, with the remaining state law claims falling within this Court's supplemental jurisdiction because they arise out of the same facts as the federal claim, 28 U.S.C. § 1367(a).

**A.  Federal Law Claims**

Plaintiff asserts that his alleged termination from GBS Properties violated the whistleblower provision of the Sarbanes-Oxley Act, 15 U.S.C. § 1514A. In order to prevail in an action under in such an action, "an employee must prove by a preponderance of the evidence that (1) she engaged in protected activity; (2) the employer knew that she engaged in the

protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Allen v. Administrative Review Bd.*, 514 F.3d 468, 475, 76 (5th Cir. 2008) (citations omitted). Sarbanes-Oxley only applies to companies "with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d)), or any officer, employee, contractor, subcontractor, or agent of such company." 18 U.S.C. § 1514A. Defendants, through their affidavits, assert that GBS Properties is "a Louisiana Limited Liability Corporation, and a franchise of The Prudential Real Estate Affiliates." Mot., Affidavit of Barbara Blades. Plaintiff only responds by attaching the SEC Form 10-K for Prudential Financial, Inc. Opp., Exh. A. However, Prudential Financial, Inc. is not a named defendant, and Plaintiff has not alleged that GBS Properties is the agent of any company that is required to file under either of the Securities Exchange Acts. Therefore, the present complaint does not sufficiently allege a violation of the Sarbanes-Oxley Act.

It should be further noted that, in order to succeed in an action under § 1514A, a plaintiff must have been blowing the whistle to a supervisor "'regarding any conduct which the employee reasonably believes constitutes a violation' of one of six enumerated categories." *Allen*, 514 F.3d at 477 (quoting 18 U.S.C. § 1514A(a)(1)). These categories of violations listed in § 1514A include "(1) 18 U.S.C. § 1341 (mail fraud); (2) 18 U.S.C. § 1343 (wire fraud); (3) 18 U.S.C. § 1344 (bank fraud); (4) 18 U.S.C. § 1348 (securities fraud); (5) any rule or regulation of the SEC; or (6) any provision of federal law relating to fraud against shareholders." *Id.*, *citing Platone v. FLYI, Inc.*, ARB Case No. 04-154, 2006 WL 3246910, at *8 (ARB Sept. 29, 2006). Plaintiff does not sufficiently assert facts that show that he reasonably believed that any of these

enumerated violations occurred, instead only claiming that GBS Properties allegedly made misrepresentations to purchasers in the course of selling real estate. On this point Plaintiff again fails to assert an action cognizable under the Sarbanes-Oxley Act.

Plaintiff also asserts that Defendants' actions violated 42 U.S.C. § 4852(d). That subsection is part of the Residential Lead-Based Paint Hazard Reduction Act of 1992. As noted by Defendants, 42 U.S.C. § 4852 does not provide for a private cause of action, instead listing the authority and duties of the Secretary of Housing and Urban Development and providing requirements for housing funding by the federal government. This error appears to be one in drafting the Complaint by the Plaintiff because the relevant statute regarding disclosures in sale or lease of housing is 42 U.S.C. § 4852d. This section mandates that the Secretary promulgate regulations regarding lead paint disclosures in the sale or lease of residential property. 42 U.S.C. § 4852d(a). It also provides a civil action as follows:

> (3) Civil liability
>
> Any person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual.

42 U.S.C. § 4852d. This section only gives the "purchaser or lessee" standing to sue. Plaintiff here has not alleged that he is either; instead he sold properties on behalf of GBS Properties. Accordingly, this cause of action must be dismissed with prejudice. *See Mason ex rel. Heiser v. Morrisette*, 403 F.3d 28, 31 (1st Cir. 2005) (dismissing claim by minor children of lessee for lack of standing "because [if] a violation of the statute occurs when the seller or lessor fails to

disclose, it is logical that the party harmed by the failure to disclose is the purchaser or the lessee.").

Plaintiff asserts his last federal claim under Section 9 of "Respa." Compl. ¶ 11. This appears to be a reference to Real Estate Settlement Procedures Act of 1974, commonly referred to as RESPA. Section 9 of RESPA, codified at 12 U.S.C. § 2608, provides the following:

> **(a)** No seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company.
>
> **(b)** Any seller who violates the provisions of subsection (a) of this section shall be liable to the buyer in an amount equal to three times all charges made for such title insurance.

12 U.S.C. § 2608. Again, Plaintiff fails to allege an action under this statute. He alleges wrongful discharge in relation to misrepresentations regarding the quality of housing leased or sold by GBS Properties. It is not clear how the prohibition against requiring a purchaser to buy title insurance from a particular company has anything to do with the present matter. Indeed, RESPA was enacted because Congress found that "significant reforms in the real estate settlement process are needed to insure that *consumers* throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a) (emphasis added). Section 2608(b) is consistent with these findings by mandating that a seller will be liable to the *buyer*. *See Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, at *10 (E.D. Pa. May 2, 2000) (The principal purpose of RESPA is to protect home buyers from material nondisclosures

in settlement statements and abusive practices in the settlement process."). Thus, Plaintiff lacks standing and does not have a cause of action under RESPA.

**B.  State Law Claims**

Turning to Plaintiff's state law claims, he asserts claims under four statutes: La. Rev. Stat. §§ 36:3601, 37:1475, 30:2027, and 23:967. Compl. ¶¶ 11, 18, 19. This Court, however, finds that it is inappropriate to exercise jurisdiction over these state law claims considering that Plaintiff's federal claims will be dismissed with prejudice. As explained by this Court in *Astoria Entertainment, Inc. v. Edwards*, 159 F. Supp. 2d 303 (E.D. La. 2001) (Duval, J.):

> This Court's finding that plaintiff has no viable claims under federal law deprives this Court of the foundation for its subject matter jurisdiction. Although the several state law counts were properly asserted pursuant 28 U.S.C. § 1367, the Court must decide whether to retain those causes of action pursuant to its pendent jurisdiction. Pendent jurisdiction is a "doctrine of discretion, not of plaintiff's right." *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (*quoting Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Although there are several factors to consider in making this determination, the Court has instructed that "when the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.*; *see also Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580 (5th Cir. 1992) (general rule is to dismiss pendent state claims after federal claims dismissed); *Rhyne v. Henderson County,* 973 F.2d 386, 395 (5th Cir. 1992) (district court properly dismissed state claims after dismissal of federal questions); *Rahr v. Grant Thornton LLP,* 142 F. Supp. 2d 793 (N.D. Tex. 2000) (same). Thus, federal courts should avoid deciding needless decisions of state law. *Noble v. White,* 996 F.2d 797 (5th Cir. 1993) (*citing Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

*Id.* at 328-29. In the present matter, despite the fact that this action was filed in 2005, no significant discovery or other proceedings have occurred thus far. The delay appears to have

been the result of Plaintiff's switching attorneys several times, as well as two transfers between judges of this Court.  Moreover, it is apparent that some of Plaintiff's state law claims are certainly not viable.  For example, he appears to assert a claim under La. Rev. Stat. § 36:3601, but no such statute exists.  Similarly, his claim under La. Rev. Stat. § 37:1475 is likely not viable because that statute governs the powers and duties of the Louisiana State Board of Home Inspectors, and it does not include any cause of action.  However, it appears that Plaintiff may have averred a possible claim under La. Rev. Stat. § 23:967, but this claim could involve novel issues of state law that are best-suited for evaluation by the courts of the state of Louisiana.  Therefore, in the interests of judicial economy, fairness, convenience, and comity, this Court will dismiss Plaintiff's state law claims without prejudice to allow him to refile those claims in state court.

### III.  CONCLUSION

For the reasons stated herein, accordingly,

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment (Rec. Doc. 42) is **GRANTED.**  Plaintiff's federal law claims are **DISMISSED WITH PREJUDICE.**  Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 3rd day of July, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**

8